WILLIAM BEUCKER v. HERBERT BAKER ET AL.

1. RULE AS TO DIRECTING VERDICTS.

Where there is no dispute in regard to the facts in a case and can be no dispute upon the testimony, it is proper for the court in its discretion to direct the jury to return a verdict for the defendant, the only question being one of law as to whether there was any actionable negligence or liability on the part of defendant.

2. EMPLOYER AND EMPLOYEE—NEGLIGENCE.

Where an employee in an iron foundry, whose duties required him to go to and from a cupola, was familiar with conditions and accustomed to go back and forth in daylight and after dark, he cannot recover for injuries received from falling while descending from the ladder to a platform, on the ground that the lights were turned out just as he was in the act of swinging upon the ladder. An employer owes his employee nothing more than ordinary care, and under circumstances stated cannot be held to have been guilty of negligence. The court, in this case, was justified in directing a verdict for defendant.

HEARD ON ERROR.

*Hurd, Brumback* and *Thatcher,* for plaintiff in error, cited:

Assumption of risk: Van Dusen Gas and Gasoline Engine Co. v. Schelies, 61 Ohio St., 298; Columbus, H. V. & T. R. R. Co. v. Shannon, 2 Circ. Dec., 644; 1 Shearman & R. on Neg., Secs. 203, 211, 214; Wood's Master and Servant, Sec. 349; Motey v. Pickle Co., 74 Fed., 155; Baxter v. Roberts, 44 Cal., 187; Wheeler v. Mfg. Co., 135 Mass., 294; B. & O. R. R. Co. v. Baugh, 7 O. F. D., 606; Ill. Steel Co. v. Schymanowski, 162 Ill., 447, 44 N. E., 876; Cook v. Railway Co., 34 Minn., 45, 24 N. W., 311; Coal Co. v. Haenni, 146 Ill., 614, 625; 35 N. E., 162; Perren v. Railroad Co., 143 Mass., 197, 9 N. E., 608; Blumenthal v. Craig, 81 Fed., 320.

Contributory Negligence: Penna. Co. v. Snyder, 55 Ohio St., 342; 363; Stevenson v. Railway Co., 18 Fed., 493; Railroad Co. v. Mowery, 36 Ohio St., 418; Goodrich v. Railroad Co., 116 N. Y., 398, 404, 22 N. E., 397; Ladd v. Foster, 31 Fed., 827; Smith v. County Court (W. Va.), 8 L. R. A., 82; Harris v. Clinton Twp., 64 Mich., 447, 31 N. W., 425; Mitchell v. Railway Co., 11 L. R. A., 130; Hawkins v. Johnson, 105 Ind., 29, 4 N. E., 172.

Defendant's Liability: Bronson v. Oakes, 76 Fed., 734; Akeley Lbr. Co. v. Rauen, 58 Fed., 668; Penna. Co. v. Snyder, 55 Ohio St., 342, 361; Railway Co. v. Murphy, 50 Ohio St., 135, 143, 33 N. E., 403; Gould v. Woolen Co., 17 N. E., 531.

Directing Verdicts: Stewart v. Bridge Co., 8 Circ. Dec., 454; Colter v. Street Ry. Co., 9 Circ. Dec., 865; Cleveland Axle Co. v. Zilch, 6 Circ. Dec., 699; Marietta & Cin. R. R. Co. v. Picksley, 24 Ohio St., 654, 668; Richardson v. Swift, 96 Fed., 692.

Beucker v. Baker.

*Smith & Baker,* for defendants in error.

HAYNES, J.

In this case a petition in error is filed for the purpose of reversing the judgment of the court of common pleas in a case in which the plaintiff in error was the plaintiff and the defendants in error were defendants. The action was brought against defendant below by plaintiff for injuries which were received by him in the course of his employment by defendants at their foundry in the city of Toledo. The petition, which was amended once or twice, does not set forth very distinctly the particular grounds upon which plaintiff claims that defendants were guilty of negligence. It states, generally, however, that at the foundry defendants have a cupola in which iron is melted; that in order to reach the upper portion of this cupola it is necessary to go up to what is called a platform, really to the second floor of the foundry, where there is a door in the cupola and where the cupola is fed. It states that at the close of the work in the daytime or at night, it becomes necessary to empty that cupola and that in doing so there is often found what they call a "freeze," that is to say a shell forms over the hot iron and it remains there, firm, and in order to dislodge it so that it will not become hardened, they some times throw water upon the hot iron that has been drawn out at the bottom of the cupola and sometimes they send up a man to throw a piece of iron into the cupola for the purpose of breaking the shell and running it down. It is claimed that in order to get up to this floor they ascended by a ladder which was about eighteen inches or two feet wide and which had side pieces extending up above that floor about two feet; that there were no railings around the area where the ladder reached the second floor. It is said that the plaintiff's particular duty was to look out and care for this cupola; he saw that it was cleared out at night and he lit it in the morning, fed it and was generally in attendance upon it. On the night on which the accident happened, it is said in the petition that plaintiff was ordered to go up and throw some iron into the cupola for the purpose of breaking this crust which had formed; that he did go up, and that while he was up there the servants of the defendant firm turned out the electric lights. It is said that there was at that time a considerable amount of steam and gas in the room, arising from the main room where they had been filling the molds, and that by reason of these facts he fell and was injured.

The testimony of the plaintiff himself and the clear and undisputed evidence is that this same man had been at work there for quite a length of time; that his duty, as has been stated, was in regard to the emptying of the cupola and attending to it and that on the night in question, this pack not breaking, he had thrown some water upon the hot ashes under the cupola and then the foreman had said to him, "You go up stairs and throw in some iron," and that he did so. After having performed that duty he started to come down, and having reached the ladder, he took hold of it with his left hand and swung himself around upon the step of the ladder to descend as is the usual custom, backwards, that is, faced to the ladder; and that just as he was swinging his feet around the electric lights were turned out and he fell and was injured. The testimony shows that he was in the habit of going up there as often in the dark and performing this duty as he was when the lights were burning. He was up there very frequently in the performance of his duties in the

daylight and also when it was dark in the evening, and performed his work without the aid of light as frequently as he did with the aid of light.

The case has been twice tried. In the first trial of the case, under the testimony there adduced, the trial judge submitted the question to the jury, the jury disagreed, no verdict was returned and the jury was discharged. Upon the second trial of the case the evidence was offered as stated in the record, and at the conclusion of the testimony on the part of plaintiff, upon motion of the defendants, the court directed the jury to return a verdict for the defendants, and it is averred, among other things, that "The court erred in directing the jury to return a verdict for the defendants, to which the plaintiff duly excepted at the time." And, "That the court erred in overruling the motion of plaintiff for a new trial," and "That the court erred in denying to plaintiff his right to a jury trial under the constitution of the state of Ohio and of the United States." Other errors are assigned in regard to the admission and rejection of evidence, but the question that is submitted to us here is his main question, whether the court erred in directing the jury to return a verdict for the defendant?

From an inspection of the record, there seems to have been no dispute in regard to the leading points in the evidence, there is no denial of them. It seems to us that after this man had gone up to perform his duty, the engineer in whose room the machinery was that made the electric light, stepped into the room and called to the foreman and wanted to know if he was going to keep him there all night. He said no, that the electric lights might be turned out now, and thereupon the electric lights were either turned off or the machinery was stopped and the light ceased. It happened that the light ceased at the same time, or about the time that this plaintiff in error had taken hold of this ladder for the purpose of descending. It is contended here very strenuously on the part of plaintiff's attorneys that the right of a trial by jury has been violated in this action. It is known to us all that during the old system of practice, prior to the adoption of the constitution of 1851, it was customary to move the court to nonsuit the plaintiff, the general rule being that if a verdict should be returned upon the evidence, which the court would set aside a nonsuit should be allowed, but now, instead of a motion to nonsuit, we have the motion to take the case from the jury. Under Sec. 5314, of the code, it is provided that an action may be dismissed without prejudice to a future action in certain cases, and at the conclusion it says: "In all other cases the decision must be upon the merits, upon the trial of the action."

For some time after the adoption of the code there was no provision for an exception to the setting aside of a verdict because the verdict was against the evidence or contrary to the evidence. But subsequently, on April 12, 1858, there was an amendment to the code which provided, in substance that either party may except to the decision of the court on a motion to direct a nonsuit and arrest the testimony from the jury. This has been carried into the code in its present form in Sec. 5301:

"When the decision is not entered on the record, or the grounds of the objection do not sufficiently appear in the entry, or the exception is to the decision of the court on a motion to direct a nonsuit, or to arrest the testimony from the jury, or for a new trial for misdirection by the court to the jury, or because the verdict, or if a jury is waived, the find-

ing of the court is against the law and the evidence, or on the omission or rejection of evidence, the party excepting must reduce his exceptions to writing," etc.

The first decision that I know of in regard to this statute and its construction is to be found in Stockstill v. Railway Co., 24 Ohio St., 83. In that case, among other things, the court say:

"Under the act of April 12, 1858, the court is authorized, in a proper case, to arrest the testimony from the jury, and render judgment for the defendant. The judgment in such case, however, has not the effect of a nonsuit at common law, but is, under the provisions of the code above referred to, a decision of the action upon the merits.

"It was substantially the same as a judgment for the defendant on a demurrer to the plaintiff's evidence at common law or the submission of the case to the jury under instructions to return a verdict for the defendant; the same result being reached in either case.

"If the evidence tends * * * to prove all the facts which it is incumbent on the plaintiff to establish in order to maintain his action, he has a right to have the weight and sufficiency of the evidence passed upon by the jury, and it is error for the court to grant the motion, and render judgment against him."

And the court then proceeds to state their conclusion in regard to that particular case. There have been other decisions from time to time, and the last one that we know of is Railway Co. v. Murphy, etc., 50 Ohio St., 135, which went up from Erie county. I will read from page 143, where the court say:

"Negligence is always an inference from facts put in evidence, as contrasted with a fact which is the subject of direct proof. The proof disclosed facts calling for logical, as distinct from legal, deduction. Where that is the case the question is for the jury, and not for the court."

That seems to reduce the matter to quite a close point, so far as the statement is concerned. But the rule as we understand it from all these cases, and from all the cases which have been cited from the Supreme Court, where there is no dispute in regard to the facts in the case and can be no dispute upon the testimony, then it is proper for the court, and it may in its discretion, interfere and arrest the case from the jury, or, what amounts to the same thing, direct the jury to return a verdict for the defendant, the only question being a question of law as to whether there was any actionable liability or negligence on the part of defendant in the case.

This case has been submitted to us on the claim that the court erred in taking this case from the jury. As I have already stated, it seems to us from the evidence, and I think it clear that upon the main points of the case there was no dispute in regard to the facts of the case. This party plaintiff had been accustomed to perform this kind of work, had been accustomed to go up there in the dark quite as often as by daylight. It is admitted by counsel for plaintiff that if the claim had been set up in his petition that he fell because there was no railing around that area, that there could be no recovery, because he was perfectly familiar with the position and was in the habit of going there, and that he assumed those liabilities; but it was claimed that because the light was extinguished, which went out just as he was about stepping upon the rounds of the ladder, that that made a new and different case. The employer of the plaintiff, through his employment, was only liable for ordinary

negligence, such negligence as an ordinarily prudent man would be liable for; they were only required to exercise such care as persons of ordinary prudence were accustomed to exercise under like circumstancs. We are clear in our opinion that the defendant company had no reason to anticipate that the turning out of this light at this time would have any effect whatever upon the plaintiff, who was then upon the second floor, for the reason that he was accustomed to be there under those circumstances, often, and they naturally would suppose that the turning off of the light or the not turning it off would make no special difference to him, and therefore they were justified in turning the lights off as they did at that time; that there was no causal connection between the turning off of the lights and the injury that occurred, and this was shown by the evidence. It is true that the plaintiff says that just at the time these lights went out he was kind of frightened, was startled. It was not shown by his own testimony that that frightening necessarily precipitated him to the floor below. The evidence shows that it occurred about the same time that he was in the act of stepping upon the ladder, a thing that he had done hundreds of times before and that he had done in the dark as often as in the light and there is nothing to show that he either misplaced his foot or misstepped with his foot or took any different steps than he would if the light had been burning; it simply happened at that time, and for some reason perhaps unknown to himself, he fell and received the injury. There was some evidence attempted to be offered to the effect that when the light was out there was some steam about the room and that that had the effect of startling him; but we do not think that evidence had any bearing on this question, nor do we think from the evidence itself that there was any real showing of that kind made.·

We are brought to the conclusion, after examining this question, that the action of the court in taking this case from the jury was within the principle that is recognized by the Supreme Court of Ohio and has been so recognized for a great many years. We are aware also that this class of cases are what are denominated close cases and it is difficult to judge exactly what ought to be done under certain circumstances, but it seems very clear to us that there was no cause of action proven here on the part of the plaintiff against these defendants. There were some questions submitted to us on the admission and the rejection of evidence, but, under the view we take of this case, these questions are immaterial, because if upon the showing of the plaintiff there was no cause of action against the defendants, the rulings upon those questions would have no material effect upon the final decision of the case. The judgment of the court of common pleas will therefore be affirmed.